Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorney for Plaintiff

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN DEFOREST, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PARADISE CRUISE LINE OPERATOR LTD. INC. d/b/a BAHAMA PARADISE CRUISE LINE d/b/a ROYAL EMPRESS CRUISES; CLASSICA CRUISE OPERATOR LTD. INC. d/b/a BAHAMA PARADISE CRUISE LINE d/b/a ROYAL EMPRESS CRUISES; BAHAMA PARADISE CRUISE LINE d/b/a ROYAL EMPRESS CRUISES and DOES 1 through 10, inclusive, and each of them,<br><br>Defendants. | Case No. 8:18-cv-01431-JLS-JDE<br><br>**DECLARATION OF TODD M. FRIEDMAN** |

-1-
**DECLARATION OF TODD M FRIEDMAN**

## **DECLARATION OF TODD M. FRIEDMAN**

I, Todd. M. Friedman, declare:

1. I am one of the attorneys for the Plaintiff DAN DEFOREST ("Plaintiff") in the above-captioned matter (the "Action"). I am an attorney licensed to practice law in the State of California since 2001, the State of Illinois since 2002, and the State of Pennsylvania since 2011. I have been continuously licensed in California since 2001, Illinois since 2002, and Pennsylvania since 2011, and am in good standing with the California State Bar, Illinois State Bar, and Pennsylvania State Bar. I have litigated cases in both state and federal courts in California and Illinois. I am also admitted in every Federal district in California and have handled federal litigation in the federal districts of California.

2. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

3. Per Section 19 of the Court's Standing Order, I am writing to address why the factors identified in *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) favor dismissal of the Action on an individual basis as to Defendants, PARADISE CRUISE LINE OPERATOR LTD. INC. d/b/a BAHAMA PARADISE CRUISE LINE d/b/a ROYAL EMPRESS CRUISES; CLASSICA CRUISE OPERATOR LTD. INC. d/b/a BAHAMA PARADISE CRUISE LINE d/b/a ROYAL EMPRESS CRUISES; BAHAMA PARADISE CRUISE LINE d/b/a ROYAL EMPRESS CRUISES (collectively, "Defendants") and why notice need not be provided to the putative class. I take these matters very seriously, as do the members of my firm, and I submit this Declaration to assure the Court of

my office's compliance with the *Diaz* factors in seeking an individual dismissal.

## I. COUNSEL'S EXPERIENCE

4. As one of the main plaintiff litigators of consumer rights cases in Southern California, I have been requested to and have made regular presentations to community organizations regarding these matters.

5. I have extensive experience prosecuting cases related to consumer issues. My firm, The Law Offices of Todd M. Friedman, P.C., in which I am a principal, has litigated over 1000 individual based consumer cases and litigated over 100 consumer class actions. These class actions were litigated in federal courts in California, as well as California State Courts. Approximately 100% percent of my practice concerns consumer litigation in general.

6. Over the past four years, The Law Offices of Todd M. Friedman has served as plaintiff's counsel in at least the following class action cases involving various class actions claims consumer rights claims, where a settlement was reached on a class-wide basis, and have achieved over $100,000,000 in class-wide relief for consumers

   a. *Dancer v. L.A. Times*, BC472154 (L.A. Superior Court) (common fund class-wide settlement of $3 million to $4 million granted final approval);

   b. *Couser v. Comenity Bank*, 3:12-cv-02484-MMA-BGS (S.D. Cal.) ($8.475 million class-wide settlement achieved and granted final approval);

   c. *Stemple v. QC Financial Services Group of California, Inc.*, 3:12-cv-01997-CAB-WVG (S.D. Cal.) (certified class achieved by motion,

-3-
**DECLARATION OF TODD M FRIEDMAN**

and subsequent class-wide settlement of $1.5 million achieved, with final approval granted);

d. *Couser v. Apria Healthcare, Inc.* 8:13-cv-00035-JVS-RNB (C.D. Cal.) (common fund class-wide settlement of $400,000 to $750,000, granted final approval);

e. *Abdeljalil v. General Electric Capital Corporation,* 12-CV-02078-IEG-RBB (S.D. Cal.) (class-wide settlement with common fund of $6.125 million achieved, preliminary approval granted, final approval pending);

f. *Fox v. Asset Acceptance,* 3:13-CV-00922-DMS-BGS (S.D. Cal.) (common fund of $1 million in class-wide relief achieved, granted final approval);

g. *Friedman v. LAC Basketball Club, Inc.,* 2:13-cv-00818-CBM-AN (C.D. Cal.) (class-wide settlement achieved and granted final approval);

h. *Gerich et. al. v. Chase Bank USA et. al.* Case No 1:12-cv-5510 (N.D. Ill.) (class-wide settlement of $34 million, granted final approval);

i. *Than Zaw v Nelnet, Inc.*, Penal Code § 632 class – (Achieved class-wide settlement of $1,188,110, granted final approval of court);

j. *Medeiros v HSBC*, (common fund settlement of between $4.5 million and $6.5 million achieved, preliminary approval granted);

k. *Ann Fox v. Spectrum Club Holding Company et al.*, Case No. 2:14-CV-06766-PSG-FFMx (class-wide settlement, preliminary approval granted);

l. *Sayan Aboudi v. T-Mobile USA, Inc.,* Case No. 3:12-cv-02169-BTM-NLS (class-wide settlement in TCPA case, with common fund of $2.5

-4-
**DECLARATION OF TODD M FRIEDMAN**

million to $5 million, with average per class member payment of $500, final approval granted);

m. *Andrew Roseman v. BGASC, LLC, et. al.*, Case No. EDCV 15-1100-VAP (SPx) (C.D. Cal.) (class-wide relief achieved, final approval granted);

n. *Everado Gonzalez v The Scotts Company,* Case No. BC577875, Consolidated with Case No: BC570350 (LASC) (class-wide settlement of $925,000 in wage and hour class action on behalf of approximately 603 employees achieved, final approval granted);

o. *Payton v Luxe Valet*, Case No. BC588462 (LASC) (class-wide settlement in wage and hour independent contractor misclassification class action, on behalf of 1,800 employees, settled for $2.4 million, final approval granted);

p. *Shelby v Two Jinn, Inc*., Case No. 2:15-cv-03794-AB-GJS (C.D. Cal.) (EFTA class action involving no cognizable actual damages, with net worth of company of $25 million, settled for non-reversionary common fund of $457,000, despite liability under 15 U.S. Code § 1693m(a) likely being only $250,000; final approval granted, zero objections);

q. *Couser v Dish One Satellite*, Case No. 5:15-cv-02218-CBM-DTB (C.D. Cal.) (TCPA class action, final approval granted);

r. *Couser v Dish One Satellite*, Case No. RIC 1603185 (Riverside S.C.) (Penal Code 632 class action, preliminary approval granted);

s. *De La Paz v Accurate Courier NCA LLC,* Case No. 16CV00555 (Santa Cruz County Superior Court) (PAGA and Labor Code class action, final approval granted);

-5-
**DECLARATION OF TODD M FRIEDMAN**

t. *Ross v Zurixx LLC,* Case No. 34-2016-00190874 (Sacramento SC) (UCL, FAL and CLRA class action alleging false advertising for real estate educational courses, non-reversionary common fund settlement for over $600 per class member, final approval granted);

u. *Eubanks v Terminix International, Inc.,* Case No. 3:15-cv-00145-WQH-JMA (PAGA settlement reached in wage and hour action on behalf of pest control technicians, preliminary approval pending);

v. *Jonathan Weisberg, v. HD Supply, Inc.,* Case No. 15-cv-08248-FMO (MRWx) (class-wide settlement in TCPA class action, settled for $1.225 million, final approval granted);

w. *Miler v Pacific Auto Wash Partners,* Case No. 30-2015-00813013-CU-OE-CXC (wage and hour class action, final approval granted);

x. *Sonia Barrientos v Law Office of Jeffrey H. Jordan*, Case No. 2:15-cv-06282-JAK-GJS (FDCPA/RFDCPA letter class action, settled on class wide basis, final approval granted);

y. *Tahmasian v Midway Rent A Car*, Case No. 30-2015-00813013-CU-OE-CXC (LASC) (PAGA and Labor Code class action, final approval granted);

z. *Craig Cunningham v Lexington Law Firm,* Case No. 1:17-cv-00087-EJF (N.D. UT) (TCPA class action MDL involving solicitation prerecorded voice calls made by a third party, vicarious liability alleged, preliminary approval pending).

aa. *Sheena Raffin v Medicredit, Inc*. et. al., Case No. 2:15-cv-04912-MWF-PJW (C.D. Cal.) (Cal. Penal Code § 632.7 class action certified by Hon. George H. King Ret. under Rule 23(b)(2) and (b)(3) by contested motion on behalf of 11,000 class members whose calls were

recorded without knowledge or consent, settled for $5 million, final approval granted);

bb. *Fernandez v Reliance Home Services, Inc*. Case No. BC607572 Los Angeles Superior Court *(*wage and hour plus PAGA class action, Final approval granted);

cc. *In RE HP Firmware Update Litigation,* Case No. 5:16-cv-05820-EJD-SVK (N.D. Cal.) (co-lead counsel in consolidated nationwide class action for invasion of privacy, false advertising and unfair competition claims surrounding HP's firmware updates on third party ink, injunctive relief plus $1.5 million class fund, preliminary approval granted);

dd. *Anne Wolf v Hewlett Packard Company,* Case No. 5:15-cv-01221-TJH-GJS (C.D. Cal.) (CLRA class action certified by contested motion on behalf of tens of thousands of class members who purchased printer that was falsely advertised to include Smart Install feature, settled on a wider multi-state, multi-product basis, preliminary approval granted, final approval pending);

ee. *Jaylinda Girardot et al v. Bail Hotline Bail Bonds, Inc.*, Case No. FCS048335 Solano County Superior Court (wage and hour plus PAGA class action, final approval granted);

ff. *Ryoo Dental, Inc. v OCO Biomedical, Inc.*, Case No. 8:16-cv-01626-DOC-KES (TCPA fax blast class action, settled on class wide basis, final approval granted);

gg. *Wondra Curtis v The Anthem Companies, Inc.*, Case No. 8:16-cv-01654-DOC-JCG (wage and hour class action for off the clock work, settled on class wide basis, final approval granted);

-7-
**DECLARATION OF TODD M FRIEDMAN**

hh. *Aliav v Sunset Eats, LLC,* Case No. BC655401 Los Angeles Superior Court (false advertising class action on behalf of approximately 10,000 class members, settled on class wide basis; preliminary approval pending);

ii. *Sheena Raffin v Medicredit, Inc*. et. al., Case No. 2:15-cv-04912-MWF-PJW (C.D. Cal.) (Cal. Penal Code § 632.7 class action certified by Hon. George H. King Ret. under Rule 23(b)(2) and (b)(3) by contested motion on behalf of 11,000 class members whose calls were recorded without knowledge or consent, settled for $5 million, final approval granted);

jj. *Alfred Zaklit, et. al. v. Nationstar Mortgage LLC*, Case No. 5:15-cv-02190-CAS-KK (C.D. Cal.) (Cal. Penal Code § 632.7 class action certified by contested motion under Rule 23(b)(2) and (b)(3) on behalf of over 40,000 class members whose calls were recorded without knowledge or consent, preliminary approval pending);

kk. *Mark Silva v Olson and Co. Steel* Case No. 17CV001045 Contra Costa County Superior Court (wage and hour class action settled on behalf of 563 class members, preliminary approval pending); and

ll. *Richards v CoreCivic of Tennessee, LLC,* Case No. 1:17-cv-01094-LJO-JLT (E.D. Cal.) (wage and hour class action settled for approximately $3 million, preliminary approval pending).

7. My firm is also currently acting as class counsel in the following cases which were certified as class actions under Rule 23 by contested motion:

a. *Anne Wolf v Hewlett Packard Company,* Case No. 5:15-cv-01221-TJH-GJS (C.D. Cal.) (CLRA class action certified by contested motion on behalf of tens of thousands of class members who

-8-
**DECLARATION OF TODD M FRIEDMAN**

purchased printer that was falsely advertised to include Smart Install feature);

b. *Sheena Raffin v Medicredit, Inc*. et. al., Case No. 2:15-cv-04912-MWF-PJW (C.D. Cal.) (Cal. Penal Code § 632.7 class action certified by Hon. George H. King Ret. under Rule 23(b)(2) and (b)(3) on behalf of class members whose calls were recorded without knowledge or consent);

c. *Caldera v. American Medical Collection Association*, (C.D. Cal.) Case No. 2:16-cv-00381-CBM-AJW (TCPA class action on behalf of 30,000-100,000 class members, certified by contested motion)

d. *Alfred Zaklit, et. al. v. Nationstar Mortgage LLC*, Case No. 5:15-cv-02190-CAS-KK (C.D. Cal.) Cal. Penal Code § 632.7 class action certified under Rule 23(b)(2) and (b)(3) on behalf of class members whose calls were recorded without knowledge or consent);

e. *D'Angelo Santana vs Rady Children's Hospital*, Case No. 37-2014-00022411-CU-MT-CTL (San Diego Superior Court) Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq.*;

f. *Edward Makaron v. Enagic USA, Inc.,* Case No. 2:15-cv-05145-DDP-E (C.D. Cal.) (TCPA class action certified on behalf of approximately 1,000,000 class members under Rule 23(b)(2) and 23(b)(3)); and

g. *Rodriguez v. Experian Information Solutions, Inc. et. al.* Case No. 2:15-cv-01224-RAJ (W.D. Wash.) (FCRA class action for improper credit pulls; certified under Rule 23)

8. I take great pride in helping consumers by bringing class action cases, and feel that this is an incredibly important mechanism available to litigants, to ensure that justice for consumers can be achieved on a wide-scale basis. I

**DECLARATION OF TODD M FRIEDMAN**

have dedicated my entire career to helping consumers, and do not take my duties to putative class members, nor to the tribunal, lightly.

### III. DISMISSAL OF THE CASE AT BAR – COUNSEL'S DILIGENCE

9. The case at bar was brought as a putative class action pursuant to violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA"), seeking damages of between $500 and $1,500 per call placed.

10. As background, my client allege that Defendant placed calls using an automated telephone dialing system to Plaintiff's cellular telephones in an attempt to sell its services. In or around July 2017, Plaintiff Deforest alleges he received numerous telephone calls to his cellular telephone from Defendant. In discussions with its counsel, Defendant disputed the allegations.

11. Plaintiff filed the initial Complaint on August 18, 2018. Due to a processing error by my office's process server, the complaint took some time to be served. Once Defendant was served, the parties engaged in early discussions regarding the calls at issue. Defendant denied that it placed the calls at issue in the case. Plaintiff's pre-filing diligence, documentation, and work product suggested that a third party entity placed the calls on Defendant's behalf, using Defendant's trade name and selling Defendant's services. After an informational exchange, it became clear that determining the identity of the third party would be very challenging, because Defendant asserted that it was not their agent, and did not know the identity of the company. This raised a certification challenge because there would be no readily apparent manner in which to obtain an outbound dial list, with which class members could be identified through reverse lookups, or numerosity

standards could be met under Rule 23. There was also a potential merits issue relating to the issue of vicarious liability, which Defendant vehemently opposed.

12. In light of these risks, there was no fruitful purpose served to the Class in pursuing this case to Class Certification and seeking a Class Judgment that may never be satisfied. To the extent any Class member wants to pursue their own claims, they will have four (4) years from the date of the dismissal to do so. And more importantly, Defendant is in business and operating, which puts an individual Class member in a better position to obtain any recovery than my office would be in to obtain certification in light of these circumstances. At least by dismissing individually, an individual who may be particularly upset at Defendant still has the option of suing them and recovering.

13. Plaintiff DeForest received at least one call.

14. Plaintiffs reached out to Defendant as to this issue, and after extensive discussions and much deliberation, the Parties agreed to dismiss this matter on an individual basis with prejudice as to Plaintiffs. My office has lodged the Parties' written agreement in this regard under seal contemporaneously with this declaration for the Court's review.

## IV. THE *DIAZ* STANDARDS

15. Under *Diaz*, the Court must assess potential prejudice to the putative class members from: (1) "possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances"; (2) "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations"; and (3) "any settlement or

**DECLARATION OF TODD M FRIEDMAN**

concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1409 (9th Cir. 1989).

16. As to the first factor, Plaintiff has not engaged in any publicity with regards to this Action, has not been contacted by any individuals with claims the same or similar to that of the putative Class, and is unaware of any other publicity regarding this Action.

17. As to the second factor, the Class portion of the Complaint concerning the Telephone Consumer Protection Act has a four year statute of limitations pursuant to 47 U.S.C. § 227 *et. seq*. This Action concerns calling practices in 2017, such that the Statute of Limitations would not toll until 2021, thus there is no rapidly approaching statute of limitations problem.

18. As to the third factor, Plaintiff is seeking to dismiss only his individual claims with prejudice, and the class claims without prejudice. Thus, there is not a settlement or concession of class interests in the furthering of Plaintiff's interests, as individual putative Class members continue to retain the right to pursue claims against Defendant.

19. Further, as to the collusive or prejudicial concern put forth by the Court in *Diaz*, it further noted that "[a]bsent any indication that *these* plaintiffs actually appended class allegations in an attempt to get favorable individual settlements, there is no reason to require notice here as a deterrent to hypothetical abusive plaintiffs." *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1409 (9th Cir. 1989). Plaintiff originally filed this matter as a class action because of Plaintiff's belief that the alleged conduct of Defendant about which Plaintiff complained likely occurred with respect to individuals who were similarly situated to Plaintiff. Indeed, Plaintiff is actively pursuing class certification with a reply in support of class

certification due on January 14, 2019 in the case of Ryan McCurley and Dan Deforest v. Royal Seas Cruises, Inc. Case No. 17-CV-986 BAS(AGS) (CA. S.D.). My office is highly confident that we will be successful in certifying the class in that action. There was no attempt to "append" class allegations to obtain a favorable individual settlement.

20. Accordingly, the three factors in this matter do not implicate the purposes underlying the notice requirement of Fed. R. Civ. P. 23(e) in a pre-certification dismissal.

### IV. CLOSING COMMENTS

21. As stated previously, I take my duties as a licensed attorney and as class counsel very seriously. Each and every case that is brought by my office as a class action is initially brought with the intention of pursuing the matter through the class certification stage, and on behalf of the alleged putative class of consumers or employees for which it is brought. I take great pride in the highly favorable results that my firm has achieved in its short time litigating class action cases.

22. With that being said, there are significant challenges to consumer class action litigation, including, but certainly not limited to those described above. Often times, these challenges cannot be uncovered, or are not readily apparent prior to the filing of a case.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 7, 2019, pursuant to the laws of the United States and the State of California at Woodland Hills, California.

/s/ Todd M. Friedman
Todd M. Friedman

-13-
DECLARATION OF TODD M FRIEDMAN